USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/2019



# MEMORANDUM ENDORSED

| JAMES E. JOHNSON<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | CHRISTOPHER G. ARKO<br>*Senior Counsel*<br>Phone: (212) 356-5044<br>Fax: (212) 356-3509<br>carko@law.nyc.gov |

November 13, 2019

**BY ECF**
Honorable Gregory H. Woods
United States District Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

        Re:   <u>Christopher Sanchez v. Dr. Raul Ramos, et al.</u>
             19-CV-7064 (GHW)

Your Honor:

      I am the attorney in the Office of the Corporation Counsel assigned to the defense of the above-referenced matter. I write to respectfully request that the Court stay the instant civil action pending resolution of the investigation that is currently being conducted into the events at issue by the New York City Department of Correction ("DOC"). This application is made without plaintiff's consent, as plaintiff, who appears *pro se*, is incarcerated and thus, cannot be reached expeditiously.

      Broadly and liberally construing the allegations in the First Amended Complaint[1], plaintiff appears to allege that on June 24, 2019, his constitutional rights were violated when he was transported to attend a court hearing in Manhattan. Dr. Raul Ramos was served with the Summons and First Amended Complaint on October 23, 2019 and his Answer is currently due on November 13, 2019. <u>See</u> Court Docket No. 12. Defendant City of New York waived service on November 4, 2019 and its Answer is currently due on January 3, 2020. <u>See</u> Court Docket No. 14. DOC waived service on behalf of Captain Shaw and Deputy Warden Miller on November 6, 2019, and their Answers are currently due ON January 6, 2020. <u>See</u> Court Docket No. 17. On November 12, 2019, the Court granted this Office an extension to respond to the Court's <u>Valentin</u> Order until December 4, 2019. <u>See</u> Court Docket No. 19.

---

[1] On July 29, 2019, plaintiff filed a Complaint commencing this action. <u>See</u> Court Docket No. 2. Shortly thereafter, on August 27, 2019, plaintiff filed an Amended Complaint. <u>See</u> Court Docket No. 5. Absent further instruction from the Court, defendant City of New York will treat plaintiff's First Amended Complaint as the operative complaint in this matter.

In investigating the allegations in the First Amended Complaint, this Office has learned that DOC has a pending investigation arising from the events at issue in this lawsuit. The investigation is ongoing. As set forth below, this Office now seeks a stay of the instant matter until the investigation is resolved.

Federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require. See United States v. Kordel, 397 U.S. 1, 12 n.27 (1970); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986); Volmar Distributors, Inc. v. The New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993). More specifically, federal courts are authorized to stay a civil action pending the outcome of a related proceeding. See, e.g., Kashi, 790 F.2d at 1057 ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal quotation marks and citations omitted); Marco Ortiz v. City of New York, No. 13-CV-7367 (LTS) (Docket Entry No. 20) (S.D.N.Y. June 9, 2014) (granting a stay pending the resolution of a CCRB investigation over plaintiff's objection); Bristol v. Nassau County, No. 08-CV-3480 (JFB) (WDW), 2010 U.S. Dist. LEXIS 39634, at *1 (E.D.N.Y. Apr. 22, 2010) ("A district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require.") (quoting Johnson v. New York City Police Dep't, No. 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *2 (S.D.N.Y. July 16, 2003)).

Here, the Court should stay the instant action because of the potential for a conflict of interest to arise between this Office and the DOC employees involved in the alleged incident. New York State law governs the representation of employees of the City of New York. Specifically, New York General Municipal Law § 50-(k)(2) provides that this Office shall, upon their request, represent individual employees in civil actions arising out of any act or omission in the discharge of their duties. Pursuant to § 50-(k)(2), we must first determine whether the individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." Id.

Further, a stay of this matter will not prejudice plaintiff. Plaintiff's claims will not be lying dormant during the stay. To the contrary, his claims are being investigated by DOC. Finally, DOC is unable to produce the relevant documents until the investigation is complete. These documents will be highly relevant to the claims. Thus, requiring this case to proceed at this time would create a potential for prejudice to the individual defendants and would prevent this Office from preparing an effective defense of these claims. Should the investigation determine that no conflicts exist, defendant City of New York submits that it would be more practical to file one joint pleading on behalf of all named defendants at the conclusion of the investigation.

Accordingly, this Office respectfully requests that the Court stay this matter pending the resolution of the DOC investigation regarding the incident that is the subject of this litigation, and an enlargement of its time to answer or otherwise respond to the First Amended Complaint until 21 days after a stay is lifted. See Ortiz, No. 13-CV-7367 (LTS) (Docket Entry No. 20) (granting a stay and 21 day enlargement of time to answer pending resolution of a CCRB investigation).

Finally, should the Court deny this request, the City of New York respectfully requests that the Court, *sua sponte*, grant thirty (30) days from the denial of this request to answer or otherwise respond to the First Amended Complaint.

Thank you for your consideration herein.

Respectfully submitted,

S/ *Christopher G. Arko*
Christopher G. Arko
*Senior Counsel*
*Special Federal Litigation Division*

**BY FIRST-CLASS MAIL**
To: Christopher Sanchez
*Plaintiff Pro Se*
DIN: 19-A-3885
Downstate Correctional Facility
121 Red Schoolhouse Road
P.O. Box F
Fishkill, New York 12524

Defendant's motion to stay is granted. The stay will expire on March 20, 2020. Defendant is directed to submit a status letter to the Court no later than March 6, 2020.

The Clerk of Court is directed to mail a copy of this order to Mr. Sanchez by first-class and certified mail and to terminate the motion pending at Dkt No. 20.

SO ORDERED.

Dated: November 21, 2019
New York, New York

_____
GREGORY H. WOODS
United States District Judge